No. 97-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT  65N

ROCKY MOUNTAIN BANK, f/k/a,
FIRST STATE BANK, STEVENSVILLE,

Plaintiff and Respondent,

v.

MARK O. BARTEAUX and
KAREN L. BARTEAUX,

Defendants and Appellants.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Mark O. and Karen L. Barteaux, Stevensville, Montana (pro
se)

For Respondent:

Lawrence F. Daly, Lucy T. France, Garlington, Lohn &
Robinson, Missoula,Montana

Submitted on Briefs: November 13, 1997

Decided: March 24, 1998
Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases by this Court.

¶2    Mark and Karen Barteaux (Appellants) appeal the summary judgment entered by the Twenty-First Judicial District Court, Ravalli County, holding that Appellants were in default of a loan from Rocky Mountain Bank (Bank), and that the Bank had legal right to repossess the collateral that secured the loan.  We affirm.

¶3    The following facts are undisputed.  On August 11, 1993, the Bank loaned Appellants $6583.50.  To secure the loan, Appellants granted the Bank a security interest in their backhoe.  A year later, Appellants missed their September, October, and November 1994 loan payments.  On November 22, 1994, the Bank sent Appellants notices of default and legal action if Appellants failed to bring the note current within ten days.  Appellants failed to bring the note current within ten days, and the Bank initiated repossession of the backhoe.  After several failed attempts by the Bank to contact Appellants, the Bank decided to forego repossession and instead file a complaint for claim and delivery in District Court.  Meanwhile, on December 19, 1994, Appellants finally called the Bank and negotiated an extension of time, until December 23, 1994, in which to bring the note current.  At this time, Appellants were behind four loan payments because they failed to make the December payment.

¶4    On December 20, 1994, an officer of the Bank witnessed Appellants' backhoe being moved south of Stevensville on Highway 93.  The Bank later learned that the backhoe was located on property believed to be owned by Mr. Barteaux's mother.  On December 21, 1994, in response to Appellants' actions, the Bank filed a complaint for claim and delivery of the backhoe, pursuant to § 27-17-201, MCA, and a motion for an ex parte order to allow the Bank to immediately repossess the backhoe without notice and a hearing, pursuant to § 27-17-203(2), MCA.  In support of its motion for an ex parte order, the Bank argued that the delay caused by notice and a hearing would seriously impair the Bank's remedy of repossession.  The Bank stated that Appellants had already violated the security interest once by moving the backhoe without the Bank's permission, and could do so again.  The Bank stated its belief that Appellants were attempting to conceal the backhoe and prevent repossession.  The court granted the Bank's motion.

¶5    On December 22, 1994, the Bank repossessed the backhoe.  On

December 23, 1994, Appellants paid three out of four delinquent payments, and the Bank accepted the payments.  Appellants subsequently missed their January payment and now had two payments past due.  On January 13, 1995, the Bank sent a letter to Appellants requesting them to keep the loan under thirty days past due, and informing them that if the note was not brought current by January 23, 1995, the Bank would sell the collateral.  Appellants failed to bring the note current by the requested date.

¶6    On January 25, 1995, the Bank called the full amount of the loan due and advised Appellants of their right to redeem the collateral.  On January 26, 1995, Appellants made their December payment.  On January 27, 1995, the Bank returned Appellants' check accompanied by a letter stating that the Bank would not accept the payment because the full amount of the loan had been called due.  The Bank also informed Appellants that they had until February 6, 1995, to redeem the collateral.  Appellants failed to redeem the collateral and the Bank sold the backhoe on March 3, 1995.

¶7    Appellants argue that summary judgment was improper in this case because there exist material issues of fact concerning several affirmative defenses including fraud, estoppel, and waiver.  The thrust of Appellants' defenses is that because the Bank agreed to allow Appellants to make their delinquent payments by December 23, 1994, it was wrong for the Bank to initiate repossession before that date.  Also, Appellants argue that the Bank established "a history of routinely accepting late payments" and, in so doing, waived its right to enforce the terms of the security agreement.  We disagree with both of Appellants' arguments.

¶8    The express terms of the security agreement provide that the Bank shall have the right to repossess the backhoe in the event of default.  The security agreement further provides the following waiver clause:
    Lender shall not be deemed to have waived any rights under this
    Agreement unless such waiver is given in writing and signed by
    Lender.  No delay or omission on the part of Lender in
    exercising any right shall operate as a waiver of such right or
    any right.

¶9    Appellants admit they defaulted on their loan.  Thus, the Bank had the right to repossess the collateral.  The Bank's later conduct, extending the time in which to make payments and accepting late payments, does not constitute a waiver of the Bank's right to repossess the collateral because the Bank never signed a written waiver.  Even from an equity standpoint, Appellants cannot complain about the Bank repossessing the collateral before the period of extension had expired.  The Bank was simply responding to Appellants' first act of moving the collateral in violation of the security agreement.  Appellants admit that they moved the collateral in violation of the security agreement.  It is a maxim of jurisprudence that "no one can take advantage of his own wrong."  Section 1-3-208, MCA.  A party who breaches a contract cannot take advantage of his own act or omission to escape liability thereon.   Maddux v. Bunch (1990), 241 Mont. 61, 66, 784 P.2d 936, 940.

¶10 We hold that no material issues of fact exist and that summary judgment was proper in this case. The judgment of the District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART